## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0271** (Jefferson County 11-F-52)

**Joshua Hutzler,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Christopher J. Prezioso, arises from the Circuit Court of Jefferson County, wherein he was sentenced to a term of incarceration of one to ten years for the crime of daytime burglary by order entered on January 24, 2012. The State, by counsel Brandon C.H. Sims, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his entry of a guilty plea pursuant to a plea agreement, petitioner was sentenced in November of 2011 to a term of incarceration of one to ten years for the crime of daytime burglary. Pursuant to the plea agreement, other charges upon which petitioner was indicted were dismissed. On appeal, petitioner alleges that the circuit court erred in imposing this sentence instead of placing petitioner on probation. According to petitioner, his sentence violates the Eighth Amendment to the United States Constitution and Article III of the West Virginia Constitution. In support, he argues that he would benefit from alternative sentencing and his attempts to better himself are being stifled by his incarceration. Petitioner further requests that the Court reconsider its prior rulings regarding appellate review of sentences in the absence of an impermissible factor.

In response, the State argues that circuit courts have discretion to grant or deny probation. Further, the State argues that the record clearly establishes that the circuit court found the public good required incarceration. Lastly, the State argues that the circuit court did not rely on impermissible factors in sentencing petitioner, and that petitioner does not allege a clear error of judgment in sentencing.

1

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Further, the Court notes that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). In his petition for appeal, petitioner admits that the sentence at issue does not exceed that set forth in the applicable statute and that the circuit court did not rely on any impermissible factors in determining the sentence. As such, the Court finds no error in the circuit court sentencing petitioner to a term of incarceration of one to ten years for his conviction of daytime burglary pursuant to West Virginia Code § 61-3-11.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum